Case 3:24-cr-01313-DCG   Document 3   Filed 06/18/24   Page 1 of 5

FILED
June 18, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: ___DT___
        Deputy

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**(1) CECILIA STEPANIAK** and<br>**(2) COREYDON STEPANIAK**,<br><br>Defendants. | **S E A L E D** **Case No: EP:24-CR-01313-DCG**<br><br>**I N D I C T M E N T**<br><br>CT 1: 18 USC §§ 371, 7(3) & 13 (T.P.C. § 22.04(a)) Conspiracy to Commit Injury to a Child;<br><br>CT 2: 18 U.S.C. §§ 7(3) & 13 (T.P.C. § 22.04(a)) – Injury to Child;<br><br>CT 3: 18 U.S.C. §§ 7(3) & 13 (T.P.C. § 22.041(c)) – Child Endangerment;<br><br>CT 4: 18 U.S.C. §§ 7(3) & 13 (T.P.C. § 22.041(b)) – Child Abandonment; |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
**18 USC §§ 371, 7(3) & 13 (T.P.C. § 22.04(a))**
**Conspiracy to Commit Injury to a Child;**

Beginning on or about April 3, 2019, and continuing to and including on or about February 15, 2024, in the Western District of Texas, and at a place within the special maritime and territorial jurisdiction of the United States as defined in Title 18, United States Code, Section 7(3), on land reserved and acquired for the use of the United States, to wit: Fort Bliss, Texas, the Defendants,

**(1) CECILIA STEPANIAK** and
**(2) COREYDON STEPANIAK**,

did willfully, unlawfully, and knowingly combine, conspire, confederate, and agree, with one another and with others known and unknown to the grand jury,

1

a. to intentionally, knowingly, and recklessly by act and omission, and with criminal negligence by act, cause bodily injury to a child; and

b. intentionally, knowingly, recklessly and, with criminal negligence by act and omission, engage in conduct that placed the Minor Victim, a child younger than 15 years of age in imminent danger of death, bodily injury, and physical and mental impairment,

## OVERT ACTS

1. On or about April 3, 2019, Defendant, **CECILIA STEPANIAK,** then the legal guardian of the MINOR VICTIM, falsely reported to a medical care provider, that the MINOR VICTIM was "lying and out of control," and that the MINOR VICTIM was removed from school because she was "bullying children" at the elementary school.

2. On or about April 3, 2019, Defendant, **CECILIA STEPANIAK,** then the legal guardian of the MINOR VICTIM, falsely reported to a medical care provider, that the Defendant had to place cameras in her home just in case the MINOR VICTIM "lies to someone and says she is abused."

3. On or about many occasions between April 3, 2019, and continuing to and including on or about the Summer of 2023, the Defendants, **CECILIA STEPANIAK** and **COREYDON STEPANIAK,** dangerously restricted the MINOR VICTIM's food intake causing her to suffer from malnutrition.

4. On or about January 2022, Defendant, **CECILIA STEPANIAK,** hit the MINOR VICTIM with a cellular phone charging cable.

5. On or about January 2022, Defendant, **CECILIA STEPANIAK,** held a sharp kitchen knife to the throat of the MINOR VICTIM.

6. On or about January 2022, Defendant, **CECILIA STEPANIAK,** kicked the MINOR VICTIM while she was on the ground.

7. On or about February 17, 2023, the Defendants, **CECILIA STEPANIAK** and **COREYDON STEPANIAK,** locked the MINOR VICTIM in a dark closet located in a residence within the special maritime and territorial jurisdiction of the United States.

8. On or about February 17, 2023, the Defendant, **COREYDON STEPANIAK**, unlocked the door of a dark closet, located in a residence within the special maritime and territorial jurisdiction of the United States, in which the MINOR VICTIM was confined.

2

9. On or about February 17, 2023, Defendant, **COREYDON STEPANIAK,** threatened the MINOR VICTIM by saying "I'm going to "f**k you up," and when the MINOR VICTIM attempted to speak, he told the MINOR VICTIM "Shut the f**k up."

10. On or about February 15, 2024, Defendant, **CECILIA STEPANIAK,** falsely reported to a children's medical care provider that the MINOR VICTIM was "still" sharing a room with her sisters and had asked if she could "go back" to having her own room.

11. On or about many occasions between 2019 and 2024, the Defendants, **CECILIA STEPANIAK** and **COREYDON STEPANIAK,** confined the MINOR VICTIM to live and sleep in a garage that was neither heated nor cooled and required her to use a bucket in the garage to urinate and defecate.

12. On or about many occasions between 2019 and 2024, the Defendants, **CECILIA STEPANIAK** and **COREYDON STEPANIAK**, forced the MINOR VICTIM to perform calisthenics exercises multiple times a day for extended periods of time.

all in violation of Title 18, United States Code, Sections 371, 7(3) and 13 and Texas Penal Code Sections 22.04(a), 22.041(b), and 22.041(c).

## COUNT TWO
### (18 U.S.C. §§ 7(3) and 13 (TPC §§ 22.04(a))
### INJURY TO CHILD

On or about April 3, 2019, and continuing to and including on or about February 15, 2024, in the Western District of Texas, and at a place within the special maritime and territorial jurisdiction of the United States as defined in Title 18, United States Code, Section 7(3), on land reserved and acquired for the use of the United States, to wit:  Fort Bliss, Texas, the Defendant,

**(1) CECILIA STEPANIAK**
**(2) COREYDON STEPANIAK,**

did, intentionally, knowingly, and recklessly by act and omission, and with criminal negligence by act, cause to a child bodily injury, all in violation of Title 18, United States Code, Sections 7(3) and 13 (Texas Penal Code Section 22.04(a)).

## COUNT THREE
### (18 U.S.C. §§ 7(3) and 13 (T.P.C. § 22.041(c))
### CHILD ENDANGERMENT

On or about April 3, 2019, and continuing to and including on or about February 15, 2024, in the Western District of Texas, and at a place within the special maritime and territorial jurisdiction of the United States as defined in Title 18, United States Code, Section 7(3), on land reserved and acquired for the use of the United States, to wit: Fort Bliss, Texas, the Defendants,

**(1) CECILIA STEPANIAK and
(2) COREYDON STEPANIAK,**

did, intentionally, knowingly, recklessly and, with criminal negligence by act and omission, engage in conduct that placed a child younger than 15 years of age in imminent danger of death, bodily injury, and physical and mental impairment, all in violation of Title 18, United States Code, Sections 7(3) and 13 (Texas Penal Code Section 22.041(c)).

## COUNT FOUR
### (18 U.S.C. §§ 7(3) and 13 (T.P.C. § 22.041(b))
### CHILD ABANDONMENT

Beginning on or about April 3, 2019, and continuing to and including on or about February 15, 2024, in the Western District of Texas, and at a place within the special maritime and territorial jurisdiction of the United States as defined in Title 18, United States Code, Section 7(3), on land reserved and acquired for the use of the United States, to wit: Fort Bliss, Texas, the Defendants,

**(1) CECILIA STEPANIAK and
(2) COREYDON STEPANIAK,**

having custody, care, and control of a child under 15 years of age, did, intentionally abandon said child in a place under circumstances that exposed the child to an unreasonable risk of harm,

all in violation of Title 18, United States Code, Sections 7(3) and 13 (Texas Penal Code Section 22.041(b)).

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
       Assistant United States Attorney